**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANCHORAGE SCHOOL DISTRICT, | No. 10-36065 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-00189-TMB |
| v. | |
| M.P., a student with a disability and M.P., his parent, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted October 11, 2011
Seattle, Washington

Before: KOZINSKI, Chief Judge, PAEZ, Circuit Judge, and BURNS, District
Judge.[**]

M.P., by and through his parents, appeals the district court's grant of

summary judgment in favor of the Anchorage School District ("the ASD") and its

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Larry A. Burns, District Judge for the U.S. District
Court for Southern California, sitting by designation.

dismissal of M.P.'s claims that the ASD violated the Individuals with Disabilities Education Act ("IDEA").

The district court concluded that the ASD did not deny M.P. a FAPE because M.P.'s parents failed to cooperate with the ASD in the preparation of a new individualized educational program ("IEP") for M.P. In so concluding, the district court did not address whether M.P. actually received a FAPE. That was error. Neither the IDEA nor its implementing regulations qualifies any duty imposed on a state or local educational agency as contingent upon parental cooperation. Further, the ASD does not cite any binding case law, and we are not aware of any, that supports such a proposition.

Although the district court did not address whether the ASD provided M.P. with a substantively adequate FAPE, there is no need to remand this issue. The record was fully developed before the hearing officer, our review is de novo, and whether M.P. received a FAPE is ultimately a legal question because the ASD challenges the hearing officer's legal conclusions. *See Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987).

Providing a substantively adequate FAPE requires that the state or local educational agency develop an IEP "through the [IDEA's] procedures reasonably calculated to enable the child to receive educational benefits." *Bd. of Educ. of*

2

*Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982). We give considerable weight to the hearing officer's decision because she conducted a thorough and careful analysis. *R.B. ex rel F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007). We agree with the hearing officer's analysis and conclude that the ASD deprived M.P. of a FAPE because the outdated IEP does not satisfy the *Rowley* "educational benefit" standard.[1]

The district court also concluded that it would deny M.P.'s parents reimbursement for private tutoring expenses regardless of whether the ASD denied M.P. a FAPE. That was an abuse of discretion. *C.B. ex rel Baquerizo v. Garden Grove Unified Sch. Dist.*, 635 F.3d 1155, 1159 (9th Cir. 2011). An award of tutoring expenses is well-supported by the hearing officer's decision. Therefore, M.P.'s parents are entitled to reimbursement for tutoring expenses in math and reading incurred from January 1, 2008 to December 2008. M.P.'s parents are also entitled to submit for review by the IEP team and the ASD those tutoring expenses incurred from January 1, 2009 through May 2009, in accordance with the hearing officer's decision.

---

[1] Because the ASD denied M.P. a substantively adequate FAPE, we do not address M.P.'s procedural claims.

Because M.P. has prevailed on the central issue in this case, we vacate the district court's order directing that the parties bear their own costs and attorney's fees. On remand, M.P., as the prevailing party, may file a motion for an award of attorney's fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I). Although we express no opinion on whether M.P. is entitled to an award of attorney's fees, we note that the district court has only narrow discretion to deny an award of attorney's fees to parents who have successfully litigated claims under the IDEA. *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034 (9th Cir. 2006).

**REVERSED IN PART, VACATED, AND REMANDED.**